IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

FILED
IN OPEN COURT
JUL 31 2007
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Criminal No. 1:07CR304 |
| ) | |
| v. ) | Violations |
| ) | Count One: 18 U.S.C. § 1001 |
| AIR VAN LINES INTERNATIONAL, ) | Count Two: 18 U.S.C. § 1001 |
| INC., d/b/a AVLC ) | |
| ) | |
| Defendant. ) | |

## PLEA AGREEMENT

The United States of America and Defendant Air Van Lines International, Inc., d/b/a AVLC, a corporation organized and existing under the laws of the State of Alaska, and defendant's counsel, hereby enter into the following plea agreement pursuant to Fed. R. Crim. P. 11(a)(1) and 11(c)(1)(B).

1. **Offense and Maximum Penalties**

The defendant agrees to waive indictment and plead guilty to a criminal information charging the defendant with two counts of falsifying, concealing, and covering up by trick, scheme, and device a material fact regarding a matter within the jurisdiction of the Executive Branch of the United States Government, in violation of the 18 U.S.C. § 1001(a)(1). The defendant understands that the statutory maximum penalty which may be imposed upon conviction for each violation of 18 U.S.C. § 1001 is a fine equal to the greatest of:

(a) $500,000 (18 U.S.C. § 3571(c)(3));

(b) twice the gross pecuniary gain derived from the crime (18 U.S.C. § 3571(c)(2) and (d)); or

    (c)    twice the gross pecuniary loss caused to the victims of the crime (18 U.S.C. § 3571(c)(2) and (d)).

In addition, the defendant understands that:

    (a)    pursuant to 18 U.S.C. § 3561(c)(1), the Court may impose a term of probation of at least one year, but not more than five years for each charged offense;

    (b)    pursuant to § 8B1.1 of the United States Sentencing Guidelines ("Sentencing Guidelines" or "U.S.S.G."), the Court may order it to pay restitution to the victims of each charged offense; and

    (c)    pursuant to 18 U.S.C. § 3013(a)(2)(B) and U.S.S.G. § 8E1.1, the Court is required to order the defendant to pay a $400 special assessment upon conviction for each of the charged crimes.

2.    **Factual Basis for the Plea**

The defendant will plead guilty because the defendant is in fact guilty of the charged offenses. The defendant admits the facts set forth in the Statement of Facts filed with this plea agreement and agrees that those facts establish its guilt of the offenses charged beyond a reasonable doubt. In addition, this plea agreement and Statement of Facts, incorporated herein, together with the record that will be created by the United States and the defendant at the plea and sentencing hearings will provide sufficient information concerning the defendant, the crimes charged in this case, and the defendant's role in the crimes to enable the meaningful exercise of sentencing authority by the Court, as required under 18 U.S.C. § 3553.

3. **Understanding of Rights; Assistance and Advice of Counsel**

The defendant understands its rights:

(a) to be represented by an attorney;

(b) to be charged by Indictment;

(c) to plead not guilty to any criminal charge brought against it;

(d) to have a trial by jury, at which it would be presumed not guilty of the charges and United States would have to prove every essential element of the charged offenses beyond a reasonable doubt for it to be found guilty;

(e) to confront and cross-examine witnesses against it and to subpoena witnesses in its defense at trial;

(f) to appeal its convictions if it is found guilty; and

(g) to appeal the imposition of sentence against it.

The defendant is satisfied that its attorney has rendered effective assistance. The defendant understands that by entering into this agreement, it surrenders certain rights as provided in this agreement.

4. **Role of the Court and the Probation Office**

The defendant understands that the Court has jurisdiction and authority to impose any sentence within the statutory maximum described in Paragraph 1, and that the Court will determine the defendant's actual sentence in accordance with 18 U.S.C. § 3553(a). The defendant understands that the Court has not yet

determined a sentence and that any estimate of the advisory sentencing range under the Sentencing Guidelines the defendant may have received from the defendant's counsel, the United States, or the Probation Office, is a prediction, not a promise, and is not binding on the United States, the Probation Office, or the Court. Additionally, pursuant to the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), the Court, after considering the factors set forth in 18 U.S.C. § 3553(a), may impose a sentence above or below the advisory sentencing range, subject only to review by higher courts for reasonableness. The United States makes no promise or representation concerning what sentence the defendant will receive, and the defendant cannot withdraw its guilty pleas based upon the actual sentence. Notwithstanding the foregoing, the parties agree that there exists no aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines that should result in a sentence outside of the advisory Guidelines range. The parties agree not to seek or support any sentence outside of the advisory guideline range. The parties further agree that the recommended sentence is reasonable.

    5.    **Waiver of Appeal, Collateral Attack, Statute of Limitations Defense, FOIA, and Privacy Act Rights**

The defendant also understands that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Nonetheless, the defendant knowingly waives the right to appeal its convictions and any sentence within the statutory

maximum described above (or the manner in which that sentence was determined) on the grounds set forth in 18 U.S.C. § 3742 or on any ground whatsoever, in exchange for the concessions made by the United States in this plea agreement. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b). The defendant also waives any objection or defense based on the United States charging as a single continuing scheme the multiple false statements and related conduct set forth in Count One and as a single continuing scheme the multiple false statements and related conduct set forth in Count Two. The defendant further waives its right to collaterally attack its guilty pleas and the sentence imposed by any means, on any ground. The defendant waives its right to assert the statute of limitations, 18 U.S.C. § 3282, as a defense to the charged crimes. The defendant also waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a.

6. **Sentencing Agreement**

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States and the defendant agree that the appropriate disposition of the charges are, and agree jointly to recommend that the Court impose, a sentence requiring the defendant to pay to the United States a total criminal fine of $143,040 for Counts One and Two, based on an agreed-upon total approximate pecuniary loss resulting from the offenses of

$178,800 ($141,200 on Count One and $37,600 on Count Two), U.S.S.G. §§ 2B1.1 & 8C2.4(a)(3); a culpability score of 3; and an agreed-upon multiplier of 0.8, U.S.S.G. § 8C2.6. The United States and the defendant understand that the Court retains complete discretion to accept or reject the recommended sentence. The defendant understands that, as provided in Fed. R. Crim. P. 11(c)(3)(B), if the Court does not impose a sentence consistent with the recommendation contained in this plea agreement, it nevertheless has no right to withdraw its guilty pleas. The United States and the defendant agree to request jointly that the Court accept the defendant's guilty pleas and impose sentence on an expedited schedule, as early as the date of arraignment, based upon the record provided by the defendant and the United States pursuant to Fed. R. Crim. P. 32(c)(1)(A)(ii) and U.S.S.G. § 6A1.1. The Court's denial of the request to impose sentence on an expedited schedule will not void this plea agreement.

7.  **Administrative Action**

The defendant understands that it may be subject to administrative action by federal or state agencies other than the United States Department of Justice, Antitrust Division, based upon the convictions resulting from this plea agreement, and that this plea agreement in no way controls what action, if any, other agencies may take. The United States agrees, however, that, if requested, it will advise the appropriate officials of any governmental agency considering such administrative action of the fact, manner, and extent of the cooperation of the defendant as a

6

matter for that agency to consider before determining what administrative action, if any, to take.

8. **Special Assessment**

Before sentencing in this case, the defendant agrees to pay a mandatory special assessment of four hundred dollars ($400.00) on each count pursuant to 18 U.S.C. § 3013(a)(2)(B), in addition to any fine imposed.

9. **Payment of Monetary Penalties**

The defendant understands and agrees that, pursuant to 18 U.S.C. § 3612(f), whatever monetary penalties are imposed by the Court will be due and payable within fifteen (15) days after the imposition of sentence and subject thereafter to immediate enforcement by the United States as provided in 18 U.S.C. §§ 3612-13. Furthermore, the defendant agrees to provide all of its financial information to the United States and the Probation Office and, if requested, to participate in a pre-sentencing debtor's examination. If the Court imposes a schedule of payments, the defendant understands that the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

10. **Immunity from Further Prosecution**

Upon acceptance of the guilty pleas called for by this plea agreement and the imposition of sentence, and subject to the cooperation requirements of Paragraph 11 below, the United States agrees that it will not bring further criminal charges against the defendant or any of the defendant's current or former officers, directors,

and employees for any act or offense committed before the date of this plea agreement that was undertaken in furtherance of any scheme or act intended to defraud the United States of its right to the honest administration of the Department of Defense's International Through Government Bill of Lading ("ITGBL") program through the submission of any false certification of independent pricing. With respect to current and former officers, directors, and employees, this nonprosecution agreement applies to them only for acts committed while acting as an officer, director, or employee of the defendant. The nonprosecution terms of this paragraph do not apply to civil matters of any kind, to any violation of the federal tax or securities laws, or to any crime of violence.

11. Cooperation Requirements

The defendant agrees to cooperate fully and truthfully with the United States in the prosecution of this case, the current federal investigation of violations of federal antitrust and related criminal laws involving the transportation of military household goods, any other federal investigation resulting therefrom, and any litigation or other proceedings arising or resulting from any such investigation to which the United States is a party ("Federal Proceedings"). The ongoing, full, and truthful cooperation of the defendant shall include, but not be limited to:

(a) using its best efforts to secure the ongoing, full, and truthful cooperation of its current and former officers, directors, and employees, including making such persons available, at the defendant's expense,

for debriefing and pre-trial conferences, interviews, and the provision of testimony in grand jury, trial, and other judicial proceedings in connection with any Federal Proceeding;

(b) providing all non-privileged documents, records, writings, or materials of any kind in its possession or under its care, custody, or control, relating directly or indirectly to all areas of inquiry and investigation; and

(c) responding fully and truthfully to all inquiries of the United States in connection with any Federal Proceeding, without falsely implicating any person or intentionally withholding any information, subject to the penalties for making false statements (18 U.S.C. § 1001) and obstruction of justice (18 U.S.C. § 1503 et seq.).

Defendant is further hereby on notice that it may not violate any federal, state, or local criminal law while cooperating with the United States. Nothing in this agreement places any obligation on the United States to seek the defendant's cooperation or assistance.

12. **Use of Information Provided by Defendant Under this Agreement**

Pursuant to Section 1B1.8 of the Sentencing Guidelines, no truthful information that the defendant provides pursuant to this agreement will be used to enhance the defendant's Guidelines range. The United States will bring this plea agreement and the full extent of the defendant's cooperation to the attention of other prosecuting offices if requested. Nothing in this plea agreement, however,

restricts the Court's or Probation Office's access to information and records in the possession of the United States. Furthermore, nothing in this agreement prevents the government in any way from prosecuting the defendant should the defendant provide false, untruthful, or perjurious information or testimony.

13. **Defendant Must Provide Full, Complete, and Truthful Cooperation**

This plea agreement is not conditioned upon charges being brought against any other entity or the result of any other proceeding against any other entity. This plea agreement is not conditioned upon any outcome in any pending investigation. This plea agreement is not conditioned upon any result in any future prosecution which may occur because of the defendant's cooperation. This plea agreement is not conditioned upon any result in any future grand jury presentation or trial involving charges resulting from this investigation. This plea agreement is, however, conditioned upon the defendant providing full, complete, and truthful cooperation.

14. **Breach of the Plea Agreement and Remedies**

The defendant agrees that, should the United States determine in good faith, during the period that any Federal Proceeding is pending, that the defendant has failed to provide full and truthful cooperation, as described in Paragraphs 11 and 13 of this plea agreement, or has otherwise violated any provision of this plea agreement, the United States will notify counsel for the defendant in writing, by personal or overnight delivery or facsimile transmission, and may also notify counsel by telephone of its intention to void any of its obligations under this plea agreement (except its obligations under this paragraph), and the defendant shall be

subject to prosecution for any federal crime of which the United States has knowledge including, but not limited to, the substantive offenses relating to the investigation resulting in this plea agreement. The defendant agrees that, in the event that the United States is released from its obligations under this plea agreement and brings criminal charges against it for any offense referred to in Paragraph 10 of this plea agreement, the statute of limitations period for such offense will be tolled for the period between the date of the signing of this plea agreement and six (6) months after the date the United States gave notice of its intent to void its obligations under this plea agreement.

The defendant understands and agrees that in any further prosecution of it resulting from the release of the United States from its obligations under this plea agreement, because of the defendant's violation of the plea agreement, any documents, statements, information, testimony, or evidence provided by the defendant, or by any current or former directors, officers, or employees of the defendant, to attorneys or agents of the United States, federal grand juries, or courts, and any leads derived therefrom, may be used against the defendant in any such further prosecution. The defendant unconditionally waives its right to challenge the use of such evidence in any such further prosecution, notwithstanding the protections of Fed. R. Evid. 410.

15. Nature of the Agreement and Modifications

This written agreement constitutes the complete plea agreement between the United States, the defendant, and the defendant's counsel. The defendant and its

counsel acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in writing in this plea agreement, to cause the defendant to plead guilty. Any modification of this plea agreement shall be valid only as set forth in writing in a supplemental or revised plea agreement signed by all parties. The undersigned corporate representative is authorized to enter this plea agreement on behalf of the defendant as evidenced by the Resolution of the Board of Directors of the defendant attached to, and incorporated by reference in, this plea agreement. The undersigned attorneys for the United States have been authorized by the Attorney General of the United States to enter this plea agreement on behalf of the United States. A facsimile signature shall be deemed an original signature for the purpose of executing this plea agreement. Multiple signature pages are authorized for the purpose of executing this plea agreement.

Date: July 18, 2007

UNITED STATES OF AMERICA

By: _____
Hays Gorey, Jr.

By: _____
Mark W. Pletcher
Trial Attorneys Antitrust Division
United States Department of Justice

Date: Jul 31, 2007

By: _____
Robert C. Erickson
Assistant United States Attorney

12

**Defendant's Representative's Signature**: As corporate representative for defendant Air Van Lines International, Inc., I have consulted with counsel for the corporation and fully understand all rights of the defendant with respect to the pending Criminal Information. Further, I fully understand all rights with respect to 18 U.S.C. § 3553 and the provisions of the Sentencing Guidelines Manual that may apply in this case. I have read this plea agreement and carefully reviewed every part of it with counsel for the defendant. I understand this agreement and voluntarily accept it on behalf of the defendant.

AIR VAN LINES INTERNATIONAL, INC.

Date: 7/19/07    By: _____
Steven M. Galvagno
Corporate Representative and President of
Defendant Air Van Lines International, Inc.

**Defense Counsel's Signature**: I am counsel for defendant Air Van Lines International, Inc. in this case. I have fully explained to the defendant its rights with respect to the pending Criminal Information. I have reviewed 18 U.S.C. § 3553 and the Sentencing Guidelines Manual, and have fully explained to the defendant the provisions that may apply in this case. I have carefully reviewed every part of this plea agreement with the defendant's Board of Directors and with the corporate representative of the defendant, Steven M. Galvagno. To my

13

knowledge, the defendant's decision to enter into this agreement, to accept benefits under the agreement, and to be bound by certain obligations under the agreement are informed and voluntary decisions.

Date: July 19, 2007

_____
David H. Smith, Esq.
Garvey Schubert Barer
Counsel for Defendant Air Van Lines
 International, Inc.